■ In the Matter of the Claim of FREDA JANITZ, Respondent, against EVELYN REALTY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of death benefits to deceased employee's widow in a heart case. The contention of appellants is there is no substantial evidence to sustain the board's finding of accident or causal relation. Decedent was employed as an apartment house superintendent. On December 22, 1955 he fell down some stairs and fractured two ribs. After a short time he continued to work, however, with some assistance from others, including his son. On April 25, 1956 decedent and his son undertook to fix a plumbing stoppage in the basement, and it was necessary to move five or six French doors which were in the way. There is evidence indicating that each door weighed somewhere between 30 and 60 pounds. The son testified that as his father was moving a door he dropped it, and the son observed that he was red in the face and gasping for breath. Decedent then rested for about five minutes, then went to bed for a time, and at about 7 o'clock that night he was taken to a hospital, where he died several hours later. Autopsy revealed advanced arteriosclerosis, areas of stenosis, and old infarct, and a

fresh thrombosis. There is medical opinion that the moving of the French door was sufficient to precipitate the onset of the last fresh thrombosis. The board has found that the door incident constituted an accident and an " unusual strain and effort" caused the coronary thrombosis resulting.in death. Appellants sharply raise the question of the credibility of the son's testimony, but of course that is a question for the board. We may not say as a matter of law that there is no substantial evidence to sustain the findings of accident and causal relation. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.